**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RYAN COX,<br><br>Plaintiff,<br><br>v.<br><br>DR. JOHN VISIOLI,<br>JOHN DOE SECURITY,<br>and JOHN DOE MEDICAL PROVIDER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-05-GBW-CJB |

**REPORT AND RECOMMENDATION**

Plaintiff Ryan Cox ("Plaintiff"), an inmate currently incarcerated at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) Plaintiff has also filed a motion to appoint counsel. (D.I. 10) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be dismissed without prejudice and that the motion to appoint counsel be denied without prejudice.

## I. BACKGROUND

On March 3, 2025, while then housed at Sussex Correction Institution ("SCI") in Georgetown, Delaware, Plaintiff went to the gym and was injured by a dumbbell that fell on his right hand. (D.I. 3 at 5) Plaintiff's hand swelled instantly. (*Id.*) After the injury, Plaintiff was taken to the infirmary, where medical personnel took an x-ray and determined that Plaintiff had broken his hand. (*Id.*) A physical therapist put a wet cast on Plaintiff's hand and gave him Tylenol. (*Id.*) Defendant Dr. John Visioli ("Dr. Visioli"), a physician at SCI, then put in an order for the Plaintiff to go to the hospital "promptly[.]" (*Id.* at 3, 5) However, Plaintiff asserts

that Defendant "John Doe of Security" ("John Doe Security"), who was responsible for facilitating trips outside the prison to a hospital, "never took nor sent" Plaintiff to the hospital. (*Id*. at 3, 6) Plaintiff also faults Dr. Visioli for failing to compel the prison's Security Department to take Plaintiff to the hospital more quickly. (*Id*. at 6)

On May 21, 2025, Dr. Visioli told Plaintiff he was upset to learn that Plaintiff had not been taken to hospital promptly. That same day, Plaintiff was seen by a "Dr. Singh" at the outside hospital, Bayhealth Hospital. (*Id*. at 7) Dr. Singh informed Plaintiff that his hand would never be the same due to the lapse of time without care, and that Plaintiff would never be able to make a closed fist again. (*Id*.) When Dr. Singh removed the cast, Plaintiff's hand was covered in mold. (*Id*.) Dr. Singh prescribed tramadol, but Plaintiff claims that "SCI-Medical" ("John Doe Medical Provider[,]" and with "John Doe Security," the "Doe Medical Defendants") "[d]enied" this prescription to Plaintiff. (*Id*.)

Although Dr. Singh wanted to see Plaintiff again in six weeks, Plaintiff was not taken for another visit to see him until September 11, 2025. (*Id*.) Plaintiff does not state the result of that medical appointment. Plaintiff does allege, however, that he suffers severe daily pain and inability to sleep due to this inadequate medical treatment that he received regarding his hand. (*Id*. at 7)

Plaintiff asserts against all Defendants a claim of deliberate indifference to a serious medical need under the Eighth Amendment to the United States Constitution. (*Id.* at 6, 8). Plaintiff sues Dr. Visioli, John Doe Security and John Doe Medical Provider (the latter two Defendants being stand ins for the names of the above-referenced people or persons associated with those roles who allegedly harmed him). (*Id*. at 3-4, 6) Plaintiff sues each individual

Defendant in their individual and official capacities; he seeks $1 million dollars and equitable relief. (*Id.* at 8-9)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated on other grounds*, *Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v.*

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

In his Complaint, as was noted above, Plaintiff asserts deliberate indifference claims in connection with his gym accident and an alleged lack of subsequent timely medical care. In

order to make out an Eighth Amendment claim like this one, Plaintiff must show: (1) that he had a serious medical need; and (2) acts or omissions by the relevant officials that indicate deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Stuart v. Pierce*, 587 F. Supp. 3d 127, 136-37 (D. Del. 2022).

Below, the Court will address both of the elements of a deliberate indifference claim, assessing whether Plaintiff's Complaint has sufficiently alleged such a claim.

**A. Serious Medical Need**

A "serious medical need" is one which has been "diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, then the medical need at issue is of the serious nature contemplated by the Eighth Amendment. *Id.* And where denial or delay "causes an inmate to suffer a life-long handicap or permanent loss," the medical need is considered serious. *Id.*

A broken hand is certainly the type of injury that requires prompt medical treatment. And Plaintiff's additional allegations articulate how an alleged delay in care for that injury caused him both significant pain and the potential for long-term disfigurement and loss of function. (D.I. 3 at 7) Thus, the Court concludes that Plaintiff has sufficiently pleaded the first element of the claim, by demonstrating that he had a serious medical need at the time of his injury and thereafter. *See Correa-Martinez v. Rahway Hosp.*, Civ. Action No. 21-cv-11076 (JXN) (ESK), 2021 WL 5195690, at *4 (D.N.J. Nov. 8, 2021) (concluding, when screening a *pro se* plaintiff's Eighth Amendment claim, that the complaint's allegations that the plaintiff broke

his hand, that a physician prescribed him Toradol to treat his pain and that medical officials put his hand in a cast, were sufficient to demonstrate that he had a serious medical need); *Collins v. Lopez*, Civ. Action No. 11-cv-01534-LJO-SKO PC, 2013 WL 6047616, at *2 (E.D. Cal. Nov. 14, 2013) ("A broken hand is unquestionably an objectively serious medical need, as is the need for pain relief following a fracture."), *report and recommendation adopted*, 2014 WL 118223 (E.D. Cal. Jan. 13, 2014).

**B. Deliberate Indifference**

Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104-05 (footnotes omitted). To demonstrate that a prison official was deliberately indifferent, a plaintiff must plausibly allege that prison officials knew of and "reckless[ly] disregarded a substantial risk of serious harm." *Stuart*, 587 F. Supp. 3d at 137 (quoting *Palakovic v. Wetzel*, 854 F. 3d 209, 227 (3d Cir. 2017)) (internal quotation marks omitted).

"Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." *Palakovic*, 854 F.3d at 227 (*citing Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)). "Where a prisoner has received some medical attention and the dispute is over adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* at 228 (citation omitted); *see also Riley v. Taylor*, Civ. A. No. 26-309-CFC-CJB, 2026 WL 1948958, at *5 (D. Del. July 6, 2026) (citing cases), *report and recommendation adopted*, 2026 WL 2151381 (D. Del. July 27, 2026).

To be sure, an unreasonable delay in rendering medical treatment can be evidence of deliberate indifference. *See Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003) (holding that a dentist's failure to provide dentures for a prisoner for 15 months after the dentist had prescribed the dentures, compounded by the dentist's delays in providing certain intermediary dental care to the prisoner in the meantime, raised a jury question regarding a deliberate indifference claim, which could not be resolved on summary judgment); *see also Liefsting v. Bokhari*, Civ. A. No. 05-0703, 2006 WL 1193176, at *4 (E.D. Pa. May 3, 2006). However, the deliberate indifference standard requires more than "allegations of malpractice" or setting out a "disagreement as to the proper medical treatment." *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346. Nor is the standard met simply by alleging that the provider took action or failed to take action that demonstrates that they were negligent, since "mere negligence" is not enough to demonstrate deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); s*ee also Ryle v. Fuh*, 820 Fed. Appx 121, 122-24 (3d Cir 2020) (concluding that a nurse working at a prison infirmary was not deliberately indifferent to the plaintiff prisoner's medical needs arising from the plaintiff's broken hand, where it was alleged that the nurse initially wrongly determined that the plaintiff's hand was not broken, but where she did provide the plaintiff with medication, a hand splint and scheduled an x-ray that was later delayed (a delay that allegedly caused the bone to be unable to be reset)).

With these standards in mind, the Court concludes that Plaintiff's allegations against Dr. Visioli are insufficient to plausibly plead deliberate indifference. Again, the Complaint alleges that soon after Plaintiff injured his hand on March 3, 2025, he did receive medical treatment—in that he received an x-ray, a diagnosis (i.e., that his hand was broken), and a cast was placed on his hand/wrist. (D.I. 3 at 5) And the Complaint then first mentions Dr. Visioli, noting that: (1)

Dr. Visioli placed an order for Plaintiff to go to the hospital "promptly" on or around March 3, 2025; and (2) when Dr. Visioli later learned (at some point prior to Plaintiff's next visit with him on May 21, 2025) that Plaintiff had not been taken to the hospital as Dr. Visioli had requested, Dr. Visioli was "upset" that Plaintiff's hand injury "was not taken serious[ly.]" (*Id*. at 6-7) Indeed, the only negative allegation regarding Dr. Visioli in the entire Complaint is that he "fail[ed] to compel[] Security" to take Plaintiff to the hospital in March 2025. (*Id*.) And yet the Complaint contains no facts that might plausibly indicate that Dr. Visioli was *even aware* that Plaintiff had *not* been taken to the hospital promptly back in March 2025 (or at any point soon thereafter). *See Spruill v. Gillis*, 372 F.3d 218, 237 (3d Cir. 2004) (noting that in order to state a deliberate indifference claim, a plaintiff should in some way "connect[] his factual allegations to the alleged mental states" of the physician defendants). Nor are there any allegations to suggest that Dr. Visioli had any control over how SCI's Security Department does its job, or over the timing of when SCI's security officers must transport prisoners to an outside physician.

Similarly, as to the Doe Medical Defendants, Plaintiff's allegations are too sparse to successfully allege deliberate indifference. With regard to John Doe Security and John Doe Medical Provider, the Complaint's factual allegations literally only make reference to things these Defendants did or did not do in one sentence apiece. John Doe Security is alleged only to have "never took nor sent the Plaintiff" to the hospital, after Dr. Visioli put in an order requesting that Plaintiff be transferred there. (D.I. 3 at 6) Yet there are no further facts pleaded as to how Plaintiff interacted with this Defendant, how it is said that the Defendant knew of Dr. Visioli's order in question, or why the Defendant disregarded that order. As for John Doe Medical Provider, the Complaint asserts only that Dr. Singh prescribed tramadol, and that this Defendant somehow "[d]enied" this prescription to Plaintiff. (*Id*. at 7) Again, nothing further is

pleaded, such as about how the Defendant knew about the prescription, what he or she did to "den[y]" it, or why he or she is said to have done so. These conclusory allegations are simply too bare bones to permit an inference that these persons *knew* that Plaintiff had a medical need and *intentionally refused* to assist Plaintiff in addressing that need. *See Durmer*, 991 F.2d at 68 (noting that deliberate indifference may exist in a variety of different circumstances, including where prison authorities knowingly "prevent an inmate from receiving recommended treatment[,]" or "where knowledge of the need for medical care [is accompanied by the] intentional refusal to provide that care") (internal quotation marks and citation omitted).

The Court is unable to conclude at this point that amendment would be futile. And so it therefore recommends that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

The Court further recommends that Plaintiff's motion to appoint counsel, (D.I. 10), be denied without prejudice to renew. The request for counsel is premature given that there is no operative pleading. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint, (D.I. 3), be DISMISSED without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court further recommends that to the extent that this Report and Recommendation is adopted, Plaintiff be given thirty (30) days from the date of adoption to file an amended pleading. And the Court further recommends that Motion for Appointment of Counsel, (D.I. 10), be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1. Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: September 4, 2026

Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE